# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISON

| | |
|---|---|
| **TRUENORTH MEDICAL PHYSICS,** | ) CASE NO. 1:24-CV-0643-MWM |
| Plaintiff, | ) **JUDGE MATTHEW W. MCFARLAND** |
| vs. | ) |
| **LANDSTAR RANGER, INC., et al.**, | ) |
| Defendants. | ) |

### DEFENDANT LANDSTAR RANGER, INC.'S AND DEFENDANT LANDSTAR LOGISTICS, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED SUPPLEMENTAL COMPLAINT

Defendant Landstar Ranger, Inc. ("Landstar Ranger") and Defendant Landstar Logistics, Inc. ("Landstar Logistics") (collectively, "Defendants") respectfully move this Court under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Second Amended Supplemental Complaint (the "SAC") of Plaintiff TrueNorth Medical Physics ("Plaintiff") for failure to state a claim. Specifically, the Carmack Amendment, 49 U.S.C. § 14706, preempts Counts II and III of the SAC. A memorandum in support of this Motion is attached hereto and incorporated by reference.

Respectfully Submitted By:

*/s/ Marc S. Blubaugh*
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
Marc S. Blubaugh (0068221) (Trial Attorney)
41 South High Street, Suite 2600
Columbus, Ohio 43215
T: (614) 223-9300
F: (614) 223 -9330
E: mblubaugh@beneschlaw.com

Lauryn T. Robinson (0101046)
127 Public Square, Suite 4900
Cleveland, Ohio 44114
T: (216) 363-6170

            F: (216) 363-4588
            E: lrobinson@beneschlaw.com

            *Counsel for Defendants Landstar Ranger, Inc. et al.*

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **TRUENORTH MEDICAL PHYSICS,** ) | CASE NO. 1:24-CV-0643-MWM |
| ) | |
| Plaintiff, ) | **JUDGE MATTHEW W. MCFARLAND** |
| ) | |
| vs. ) | |
| ) | |
| **LANDSTAR RANGER, INC., et al.,** ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT LANDSTAR RANGER, INC.'S AND DEFENDANT LANDSTAR LOGISTICS, INC.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED SUPPLEMENTAL COMPLAINT**

**I.    STATEMENT OF RELEVANT FACTS**

This action arises out of the interstate shipment of a BEAMSCAN Water Phenom System water tank for a BEAMSCAN System (the "Cargo") to Londonderry, New Hampshire on November 11, 2022. (Second Amended Supplemental Complaint ("SAC") at ¶¶ 27-28.) Plaintiff claims that it engaged Kelley Logistics, LLO ("Kelley Logistics") to arrange for transportation of the Cargo, and that Kelley Logistics engaged Defendants to provide motor carrier freight transportation services.[1] (*Id*. ¶¶ 10, 11.) Plaintiff goes on to allege that Defendants hired a driver, A. Duie Plye, Inc.,[2] to transport the subject Cargo. (*Id*. ¶ 25.) Plaintiff then alleges that the Cargo was "damaged during the delivery due to Defendants' driver dropping the equipment." (*Id*. ¶ 39.) Plaintiff claims that the cost of repairing the Cargo is $69,450.00. (*Id*. ¶ 46.)

---

[1] Defendants do not admit the truth of any of Plaintiff's allegations. For instance, Defendants deny that they were contracted to provide "motor carrier freight transportation services" for the Cargo. Defendants operated only as transportation brokers. However, for purposes of this motion, Defendants naturally understand that the Court must deem the allegation as true.

[2] Defendants further dispute that either of them engaged A. Duie Plye, Inc. to transport the load in question.

3

Plaintiff initiated this action on November 8, 2024. (Dkt. 1.) Defendants then sought and received additional time to respond to Plaintiff's original complaint, and ultimately filed a Motion to Dismiss the same on January 6, 2025. (Dkt. 10.) In response, Plaintiff filed an Amended Complaint against Defendants on January 27, 2025. (Dkt. 12.) Defendants again sought dismissal of Plaintiff's allegations by filing a Motion to Dismiss. (Dkt. 13.) To rectify a procedural matter, Plaintiff then sought and received leave to file its SAC against Defendants. (Dkt. 18, 19.) Plaintiff filed its SAC on June 10, 2025. (Dkt. 20.) Like the previous iterations, Plaintiff's SAC presents the following claims against Defendants: (1) Violation of the Interstate Commerce Act – Carmack Amendment – 49 U.S.C. § 14704(B) [sic]; (2) Breach of Bailment Duty; and (3) Breach of Contract. (SAC ¶¶ 49-65.)

Plaintiff's claims fail as a matter of law. The SAC repeatedly alleges that Defendants are motor carriers engaged to perform motor carrier services for the Cargo. (SAC ¶¶ 11, 23.) Even if Plaintiff's allegations were true, Plaintiff's state law claims for breach of a bailment duty and breach of contract are preempted under 49 U.S.C. § 14706 (the "Carmack Amendment"). Indeed, the Carmack Amendment preempts all state law claims against motor carriers and is the exclusive means for recovery in any lawsuit brought against a motor carrier for loss or damage to goods in interstate commerce.

II. **LAW & ARGUMENT**

A. Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

4

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Courts must read the complaint "in the light most favorable to the plaintiff, accept all well-pleaded allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Courts should rely primarily on the complaint and any attached exhibits when ruling on a motion to dismiss for failure to state a claim. *Passa v. City of Columbus*, 123 F.App'x 694, 697 (6th Cir. 2005).

> B. <u>The Court Must Dismiss Counts II and III of the SAC As Preempted by the Carmack Amendment.</u>

The Court must dismiss Counts II and III of Plaintiff's SAC because Plaintiff alleges that Defendants are motor carriers. The Carmack Amendment completely preempts all state law causes of action brought against a motor carrier for damage to goods. As a preliminary matter, the Carmack Amendment is part of a comprehensive and uniform legislative enactment. As a result, courts uniformly hold that a shipper's state law causes of action against a carrier are *completely preempted* by the Carmack Amendment's comprehensive legislative scheme.

> 1. *The Carmack Amendment Represents Congress's Longstanding Intent to Define the Parameters of Carrier Liability During Interstate Transportation.*

The Carmack Amendment is part of a comprehensive and uniform legislative enactment. In 1887, Congress enacted a national transportation policy in the original Interstate Commerce Act (the "ICA"), 49 U.S.C. § 1, et seq.; Feb. 4, 1887, ch. 104, 24 Stat. 379, in response to the chaotic disparity which resulted from the application of varying state laws to interstate shipping transactions. By implementing the ICA, Congress intended that federal rather than state law regulate the field of interstate transportation of goods. *Id*. However, the ICA did not specifically define the rights and obligations of shippers or carriers. Consequently, inconsistent state laws

5

continued to govern interstate transportation and, as a result, similar claims received widely divergent legal treatment depending on the forum. As a result, neither shippers nor carriers could reasonably predict their rights or obligations in any given situation. In response to the significant burden this confusion placed on interstate commerce, Congress enacted the Carmack Amendment to the ICA in 1906.

The Carmack Amendment defines the parameters of carrier liability for loss and damage to goods transported under interstate bills of lading. The Amendment is set forth in 49 U.S.C. § 14706 (formerly 49 U.S.C. § 11707) and states, in relevant part:

> A carrier providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction under subchapter I or III of chapter 135 or chapter 105 are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property …

49 U.S.C. §14706. This statute represents a conscious balancing of shipper and carrier interests. Accordingly, the Carmack Amendment relieves shippers of the burden of meeting traditional state law requirements and replaces these principles with a type of strict carrier liability. As a result, a shipper is only required to prove three elements to establish a right to relief under the Carmack Amendment:

    (1)    the goods were in good condition upon receipt by the carrier;
    (2)    the goods were not delivered or arrived damaged; and
    (3)    the amount of damages measured by "actual loss."

*Missouri Pacific R.R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964); *see also Reider v. Thompson*, 339 U.S. 113, 119 (1950) (Carmack Amendment relieves shipper of the burden of searching for the particular carrier at fault). These rules regarding both proof of loss or damage

6

and carrier liability are now universally applied and create more stable transportation rates, and a uniform liability scheme.

> 2. *Courts Uniformly Hold That a Shipper's State Law Causes of Action Are Preempted Completely by the Carmack Amendment.*

State and federal courts alike understand that the Carmack Amendment preempts all state law causes of actions, whether arising under common law or statute. Indeed, in *Adams Express Co. v. Croninger*, 226 U.S. 491 (1913), the United States Supreme Court plainly established that the Carmack Amendment preempts all state law regulation with respect to the subject of interstate common carriers. The Court stated: "[a]lmost every detail of the subject is covered so completely that there can be no rational doubt that Congress intended to take possession of the subject, and supersede all states regulations with reference to it." *Id.* at 505-06. Thus, *Adams Express* held that claims arising out of loss or damage to property transported in interstate commerce are governed by the Carmack Amendment and that all state law claims are preempted. *See id*. The Court explained that the primary objective of the statute is the establishment of a uniform national policy governing the liability of interstate carriers:

> [T]his branch of interstate commerce was being subjected to such a diversity of legislative and judicial holding that it was practically impossible for a shipper engaged in a business that extended beyond the confines of his own state, or a carrier whose lines were extensive, to know, without considerable investigation and trouble, and even then oftentimes with but little certainty, what would be the carrier's actual responsibility as to the goods delivered to it for transportation from one state to another. The congressional action has made an end to this diversity, for the national law is paramount and supersedes all state laws as to the rights and liabilities and exemptions created by such transactions.

*Id.* at 505 (citation and quotation omitted). According to the Supreme Court's understanding of the Carmack Amendment, Plaintiff's breach of bailment duty and breach of contract claims fall squarely within the Amendment's purview. There is no question that courts have repeatedly found

7

bailment claims preempted by the Carmack Amendment. *See e.g. Excel, Inc. v. S. Refrigerated Transp., Inc.*, 835 F. Supp. 2d 472, 480 (S.D. Ohio 2011) ("Excel has not pleaded sufficient facts to plausibly suggest a cause of action for ... bailment based on obligations independent of the shipper-carrier relationship."); *Strong v. Passport Auto Logistics, LLC*, No. 16-14169, 2018 WL 352891, at *4 (E.D. Mich. Jan. 10, 2018) ("bailment claim must be dismissed as preempted by the Carmack Amendment"); *Malone v. Mayflower Transit, Inc.*, 819 F. Supp. 724, 725 (E.D. Tenn. 1993) (finding bailment claim preempted). The same goes for breach of contract. *See Carousel Nut Prods., Inc. v. Milan Express Co., Inc.*, 767 F. Supp. 142, 143 (W.D. Ky. 1991) ("The Carmack Amendment applies to a wide range of breaches of contract of carriage, and preempts state law causes of action and remedies."); *Vitramax Group, Inc. v. Roadway Exp., Inc.*, No. Civ.A. 05–87–C, 2005 WL 1036180, *1 (W.D. Ky. May 3, 2005) ("The plaintiff's common law claim[ ] for ... breach of contract ... [is] preempted by the Carmack Amendment."); *Cent. Transp. Intern., Inc. v. Alcoa, Inc.*, No. 06-CV-11913-DT, 2006 WL 2844097, at *2 (E.D. Mich. Sept. 29, 2006) ("[C]ourts have recently held that state law claims, including breach of contract claims, are preempted by the Carmack Amendment."); *Thornton v. Philpot Relocation Sys.*, Case No. 3:09–CV–329, 2012 WL 174937, at *4 (E.D. Tenn. Jan. 20, 2012) (finding plaintiff's breach of contract, bailment, and breach of warranty claims preempted because they all stem from an interstate move).

As noted above, extensive precedent suggests that bailment and breach of contract claims are preempted by the Carmack Amendment so long as they arise from the same incident as the Carmack Amendment claim. *See Secura Insurance Mutual Co. v. Old Dominion Freight Line, Inc.*, Case No. 3:18-CV-780-CRS, 2019 WL 1114887 (W.D. Ky. Mar. 11, 2019). In *Secura Insurance Mutual Co. v. Old Dominion Freight Line, Inc.*, the court considered a motion to dismiss, or alternative motion to strike plaintiff's breach of bailment and breach of contract claims.

8

*Id*. The key inquiry was whether plaintiff's bailment and breach of contract claims arose from "separate and independently actionable harms" as to avoid preemption under the Carmack Amendment. *Id*. at *2. The court concluded that the broad preemptive scope of the Carmack Amendment encompasses the bailment and breach of contract claims. More importantly, the court held that state claims survive preemption ***only*** when they are based on "separate and independently actionable harms that are distinct from the loss of, or the damage to, the goods." *Id*. Because the bailment and breach of contract claims arose from the same incident as the Carmack Amendment claim, the claims were preempted by the Carmack Amendment, and defendant's motion to dismiss was granted. *Id*. at *3.

The Southern District Court of Ohio also recognizes that the Carmack Amendment preempts state claims that arise from the same facts as the underlying Carmack Amendment cause of action. *See Michaela Bohemia, LLC v. FedEx Freight, Inc.*, Case No. 1:21-CV-463, 2023 WL 318069, *2 (S.D. Ohio Jan. 19, 2023) (McFarland, M.) ("Plaintiff's claims against FedEx relate to cargo loss that occurred during interstate transportation. Because the Carmack Amendment preempts any state breach of contract claim by a shipper against a common carrier regarding cargo loss, that statute preempts Plaintiff's breach of contract claim against FedEx.") (*citing Great W. Cas. Co. v. Flandrich*, 605 F.Supp.2d 955 (S.D. Ohio 2009) (breach of contract claim brought by shipper's insurer against carrier preempted)); *see also Schneider Elec. USA, Inc. v. Landstar Inway, Inc.*, No. 1:11-CV-00801, 2012 WL 1068170, *1 (S.D. Ohio Mar. 29, 2012) ("The contract at issue in this dispute is a transportation contract, and it is inconceivable that any of [p]laintiffs' claims in this matter fall outside of the scope of the Carmack Amendment."); *Mid-W. Materials, Inc. v. Packard Logistics, Inc.*, No. 1:05-CV-2045, 2007 WL 893890, at * 2 (N.D. Ohio Mar. 22, 2007) ("The Sixth Circuit has also recognized this long-standing precedent, holding that the Carmack

9

Amendment preempted common law suits against interstate commercial carriers of property.") (internal citations and quotations omitted); *Automated Window Mach., Inc. v. McKay Ins. Agency, Inc.*, 320 F.Supp.2d 619, 620 (N.D. Ohio 2004) ("[S]tate law causes of action against an interstate motor carrier for fraud, tort, intentional and negligent infliction of emotional stress, breach of contract, breach of implied warranty, breach of express warranty and state deceptive practices acts, etc. are pre-empted" by the Carmack Amendment); *VIS Sales, Inc. v. Old School Transport, LLC*, No. 5:07CV2026, 2007 WL 2409709, at *2 (N.D. Ohio Aug. 20, 2007) ("The Carmack Amendment is the sole remedy available to the plaintiff and it preempts all state law claims, including claims for breach of contract.").

Here, Plaintiff's Carmack Amendment, breach of bailment duty, and breach of contract causes of action all stem from damage caused to the Cargo during interstate transportation. (SAC ¶¶ 53-55, 57-59, 63-65.) Indeed, Counts II and III are not "separate and independently actionable harms that are distinct from the loss of, or the damage to, the goods" and are therefore preempted under the Carmack Amendment. *Secura Insurance Mutual Co.*, 2019 WL 1114887 at *2. If Defendants are understood to be motor carriers, Plaintiff's breach of bailment duty and breach of contract claims are unequivocally preempted by federal law.

### III. CONCLUSION

Defendants Landstar Ranger, Inc. and Landstar Logistics, Inc. respectfully request that the Court dismiss Counts II and III of Plaintiff's SAC as preempted by the Carmack Amendment.

Respectfully Submitted By:

*/s/ Marc S. Blubaugh*
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
Marc S. Blubaugh (0068221) (Trial Attorney)
41 South High Street, Suite 2600
Columbus, Ohio 43215

10

T: (614) 223-9300
F: (614) 223 -9330
E: mblubaugh@beneschlaw.com

Lauryn T. Robinson (0101046)
127 Public Square, Suite 4900
Cleveland, Ohio 44114
T: (216) 363-6170
F: (216) 363-4588
E: lrobinson@beneschlaw.com

*Counsel for Defendants Landstar Ranger, Inc. et al.*

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing was filed electronically on June 24, 2025, in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all properly registered parties by operation of the Court's electronic filing system.

*/s/ Marc S. Blubaugh*
Marc S. Blubaugh
